In re Petition for **DISCIPLINARY ACTION AGAINST** Lori Mae **MICHAEL, a Minnesota Attorney, Registration No. 312149.**

No. A12–1101.

Supreme Court of Minnesota.

Nov. 5, 2013.

## ORDER

By opinion filed on September 18, 2013, we suspended respondent Lori Mae

Michael from the practice of law for a minimum of 30 days, effective 14 days from the date of the filing of the opinion. Respondent has filed an affidavit seeking reinstatement in which she stated that she has fully complied with the terms of her suspension, except for successful completion of the professional responsibility portion of the state bar examination. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent is conditionally reinstated to the practice of law in the State of Minnesota, subject to her successful completion of the professional responsibility portion of the state bar examination, and is placed on disciplinary probation for 2 years subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with her probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks from the date of the filing of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the 1st day of each month provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request; and

(d) Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with her probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the 1st day of each month during probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

2. By September 18, 2014, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension pending proof of successful completion of

the examination, pursuant to Rule 18(e)(3), RLPR.

BY THE COURT:

/s/‗‗‗‗‗‗‗‗‗‗‗
Alan C. Page
Associate Justice