STATE OF MINNESOTA

IN SUPREME COURT

A12-1101

OFFICE OF
APPELLATE COURTS

NOV 05 2014

FILED

In re Petition for Disciplinary Action against
Lori Mae Michael, a Minnesota Attorney,
Registration No. 312149.

ORDER

On September 18, 2013, we suspended respondent Lori Mae Michael from the practice of law for a minimum of 30 days. *In re Michael*, 836 N.W.2d 753, 768 (Minn. 2013). We expressly stated that by September 18, 2014, respondent was required to file with the Clerk of Appellate Courts proof of her successful completion of the professional responsibility portion of the state bar examination and that failure to do so would result in automatic re-suspension, pursuant to Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR). *Michael*, 836 N.W.2d at 768-69.

We reinstated respondent on November 5, 2013. *In re Michael*, 838 N.W.2d 790, 791 (Minn. 2013) (order). Our order reinstating respondent repeated the requirement that, by September 18, 2014, respondent had to file with the Clerk of Appellate Courts proof of successful completion of the professional responsibility portion of the state bar examination and that failure to do so would result in automatic re-suspension, pending successful completion of the examination, pursuant to Rule 18(e)(3), RLPR. *Michael*, 838 N.W.2d at 791-92.

1

Rule 18(e)(3), RLPR, provides that, unless waived by this court, a lawyer who has been suspended for 90 days or less "must, within one year from the date of the suspension order, successfully complete such written examination" for the professional responsibility portion of the state bar examination. "Except upon motion and for good cause shown, failure to successfully complete this examination shall result in automatic suspension of the lawyer effective one year after the date of the original suspension order." *Id.*

Respondent did not provide this court with proof by September 18, 2014, that she successfully passed the professional responsibility portion of the state bar examination. In response to an order directing respondent to provide proof of cause why she should not be immediately suspended, respondent states that during the summer of 2014 she realized for the first time that the professional responsibility portion of the state bar examination is only offered three times per year; that she learned this after the deadline to take the August 2014 exam had passed; and that even if she had realized sooner that she needed to register, she would not have been able to afford to take the examination because of financial problems. Michael also states that she has registered for the November 2014 exam. Michael asked for additional time to provide proof that she has successfully completed the professional responsibility portion of the state bar examination. The Director of the Office of Lawyers Professional Responsibility has not responded to Michael's affidavit.

Based on all the files, records, and proceedings herein,

2

IT IS HEREBY ORDERED that the motion of respondent Lori Mae Michael for additional time in which to provide proof of her successful completion of the professional responsibility portion of the state bar examination is denied. Respondent's conditional reinstatement is revoked, and she is indefinitely suspended, effective 10 days from the date of the filing of this order. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals). Respondent may apply for reinstatement under Rule 18(f), RLPR, by filing with the Clerk of Appellate Courts and the Director of the Office of Lawyers Professional Responsibility proof that she has successfully completed the professional responsibility portion of the state bar examination.

Dated: November 5, 2014

BY THE COURT:

_Alan C. Page_
Alan C. Page
Associate Justice

3